**<u>NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER</u>**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000022**
**14-FEB-2024**
**08:13 AM**
**Dkt. 81 SO**

NO. CAAP-23-0000022

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MYRON POSOA FILIPE, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-20-0001120)

<u>SUMMARY DISPOSITION ORDER</u>
(By Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant Myron Posoa Filipe (**Filipe**) appeals from the Judgment of Conviction and Sentence (**Judgment**) entered by the Family Court of the First Circuit (**family court**) on November 15, 2022.[1]  On December 4, 2020, Filipe was indicted on one count of Sexual Assault in the First Degree[2] in violation

---

[1]  The Honorable Kevin T. Morikone presided.

[2]  The indictment stated, in relevant part,

On or about June 1, 2016, to and including June 30, 2016, in the City and County of Honolulu, State of Hawai'i, MYRON POSOA FILIPE, being the parent or guardian or any other

(continued...)

of Hawaii Revised Statutes (**HRS**) § 707-730(1)(b) (2014).[3]  Filipe

pleaded not guilty, and the matter proceeded to a jury-waived

trial.  On June 30, 2022, the family court found Filipe guilty

as charged.  Filipe was sentenced to a term of twenty years

imprisonment.

Filipe raises five points of error on appeal,

contending that the family court erred: (1) "where it denied

[Filipe's] motion to allow evidence of sexual activity of the

[CW] and where it denied [Filipe's] motion to suppress

evidence"; (2) "when it relied on the DVD police interview

footage to determine whether [Filipe] invoked his right to

counsel rather than relying on the official transcripts of said

interview"; (3) "where it stated it would discern admissibility

and inadmissibility within the transcripts/dvd of the interview

of [Filipe] at police headquarters rather than specifically

detailing which statements it was relying on and which were not

relied upon due to inadmissibility"; (4) "where it overruled

---

(...continued)
        person having legal or physical custody of [complaining
        witness (**CW**)], did knowingly engage in sexual penetration
        with [CW], who was less than fourteen years old, by
        inserting his finger into her genital opening, thereby
        committing the offense of Sexual Assault in the First
        Degree, in violation of Section 707-730(1)(b) of the Hawaiʻi
        Revised Statutes.

[3]    HRS § 707-730(1)(b) provides, in pertinent part, "A person
commits the offense of sexual assault in the first degree if:

    . . . .

        (b) The person knowingly engages in sexual penetration with
        another person who is less than fourteen years old[.]"

[Filipe's] objection to [the State] attempting to rehab bad answers by the [CW] even though the [CW] had already answered the very same questions asked of her (asked and answered)"; and (5) "by denying [Filipe's] various motions for judgment of acquittal, and by sustaining [Filipe's] conviction despite insufficient evidence supporting the requisite state of mind."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that Filipe's conviction is not supported by sufficient evidence.[4]  We therefore reverse the family court's Judgment as follows.

We review Filipe's contention of insufficient evidence under the following standard of review:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (citations omitted).

"Substantial evidence" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  Id. (citation

---

[4]    In light of this conclusion, we do not reach Filipe's remaining points of error.

omitted). In a bench trial, the trial judge, as the trier of fact, "is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." State v. Batson, 73 Haw. 236, 249, 831 P.2d 924, 931 (1992) (citation omitted).

In order to sustain a conviction of Sexual Assault in the First Degree, the State is required to prove that the defendant had the requisite state of mind; the defendant must have "*knowingly* engage[d] in sexual penetration with another person *who is less than fourteen years old*[.]" HRS § 707-730(1)(b) (emphasis added). HRS § 702-206(2) (2014) defines the "knowingly" state of mind as,

> (a) A person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature.
> (b) A person acts knowingly with respect to attendant circumstances when he is aware that such circumstances exist.
> (c) A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.

Id.

On this record, we conclude that there is insufficient evidence to support that Filipe "knowingly" engaged in sexual penetration with "another person who is less than fourteen years old[.]"

At trial, Filipe asserted a mistake-of-fact defense. He argued that he was acting under the mistaken belief that he was touching his girlfriend, CW's mother (**mother**), in the bed,

4

and not CW who was less than fourteen years old.[5]  The two police detectives who interviewed Filipe during their investigation testified at trial that Filipe did not admit to knowingly engaging in sexual penetration with CW.  Rather, Filipe represented that he thought he was engaging in this act with CW's mother.[6]

CW's testimony supports that Filipe penetrated CW's vagina with his fingers, but does not establish that Filipe did so knowing that he was engaging in sexual penetration with *CW* – i.e., a person who is less than fourteen years old.  CW testified at trial that she was sleeping on the same bed as Filipe and mother when the incident occurred.  CW testified that she was lying between her mother and Filipe, but that she had not slept in the middle before.  CW's testimony does not establish whether Filipe knew that he was sleeping next to CW, and not mother, at the time of the incident.  CW testified that she saw Filipe's face when the sexual penetration occurred, but that alone does not establish that Filipe knew he was engaging in sexual penetration with CW and not mother.  CW further

---

[5]     The record reflects that CW was twelve years old at the time the incident occurred.

[6]     When questioned during cross-examination, Detective Linda Robertson (**Detective Robertson**) agreed that Filipe told her, during her investigation, that he did not know he was sexually touching CW until after he touched her and "she moved, [and] I looked over[.]"  Detective Robertson further agreed that Filipe told her, "I didn't do it intentionally like I wanted to rape her or anything.  I just reached over and touched her, because I thought she was my girlfriend.  And I stopped.  But I knew it was her, so I stopped."

testified that she and Filipe did not talk with each other about the incident after it occurred.[7]

We conclude, on this record, that the evidence adduced by the State at trial does not support that Filipe had the requisite state of mind to be convicted of Sexual Assault in the First Degree. We therefore reverse the Judgment of Conviction and Sentence entered on November 15, 2022, by the Family Court of the First Circuit.

DATED: Honolulu, Hawaiʻi, February 14, 2024.

On the briefs:

Kai Lawrence,
for Defendant-Appellant.

Steven K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[7] Mother testified as a defense witness. Her testimony likewise does not establish that Filipe knew he was touching CW and not mother. Mother's testimony confirmed that CW was positioned next to Filipe on the night the incident occurred, but that mother usually slept between CW and Filipe. Mother testified that she and Filipe would engage in sexual touching of each other in bed.